UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

ALEXIS ESCOBAR,

        *Defendant*.

15-CR-150 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

    Defendant, Alexis Escobar, has filed a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). The motion for compassionate release is Mr. Escobar's third. *See* Def.'s Mot. for Release, Aug. 3, 2020 ("First Mot."), ECF No. 115; Def.'s Mot. for Release, Nov. 18, 2021 ("Second Mot."), ECF. No. 122. For the reasons set forth below, I deny Mr. Escobar's motion for compassionate release.

## BACKGROUND

    Familiarity with the facts and procedural history of this case is presumed. In short, Mr. Escobar pleaded guilty to six counts of Hobbs Act Robbery and one count of possessing and brandishing a firearm during a crime of violence. Presentence Investigation Report 3–4, ECF No. 84. He and an accomplice committed a string of armed robberies of cell phone stores over the course of multiple years. *Id.* During each of the robberies, Mr. Escobar and his accomplice entered the stores wearing masks, threatened the stores' occupants by brandishing a firearm, restrained the employees and customers present by binding their hands and feet together using zip ties, and stole cash and merchandise. *Id.* at 5–6. The two robbed ten retail stores and threatened or restrained dozens of victims. *Id.* at 7–8. In 2016, I sentenced Mr. Escobar to 162 months imprisonment

followed by five years of supervised release. Judgment, ECF No. 94.

Mr. Escobar first moved for compassionate release on August 3, 2020. *See* First Mot. Although I found that Mr. Escobar had presented extraordinary and compelling reasons for release, these reasons were ultimately outweighed by the Section 3553(a) factors, namely the nature and circumstances of his offense and the fact that he had served only a small fraction of his sentence. *See* Order Denying Mot. for Release, Aug. 11, 2020, ECF No. 117; 18 U.S.C. § 3553(a). On September 2, 2020, I denied Mr. Escobar's motion for reconsideration of this decision. *See* Order Denying Mot. for Reconsideration, ECF No. 119. Mr. Escobar moved for compassionate release for the second time on November 18, 2021. *See* Second Mot. I denied this motion for the same reasons that I denied the first. *See* Paperless Dkt. Order Denying Mot. for Release, Apr. 26, 2020.

Mr. Escobar is now 51 years old. He is detained at Federal Correctional Institution ("FCI") Miami and is scheduled for release on December 28, 2027. Govt. Mem. in Opp. to Mot. for Release 2 ("Govt. Opp."), ECF No. 129. In addition to the grounds for compassionate release that Mr. Escobar alleged in his previous motions, which included his type 2 diabetes diagnosis, the risks that COVID-19 poses, and his rehabilitation, Mr. Escobar now alleges that officials at FCI Miami have provided him with inadequate medical treatment by failing to properly treat his diabetes, send him for a colonoscopy, and arrange medical appointments in the fields of dermatology, orthopedics, podiatry, optometry, ophthalmology, and plastic surgery. *See* Def.'s Mot. for Release 1, 10–12, June 12, 2023 ("Third Mot."), ECF No. 127. The government opposes on multiple grounds, including that Mr. Escobar has failed to exhaust his administrative remedies. Govt. Opp. 1. It also asserts that Mr. Escobar has not demonstrated that extraordinary and compelling reasons justify his release and that the Section 3553(a) factors weigh against a reduced sentence. *Id.*

**LEGAL STANDARD**

The First Step Act allows criminal defendants to move for "[m]odification of an imposed term of imprisonment" before a federal sentencing court. 18 U.S.C. § 3582(c). To qualify for such relief, defendants must show: (1) that they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [their] behalf," or that thirty days have lapsed "from the receipt of such a request by the warden of [their] facility, whichever is earlier"; (2) that "extraordinary and compelling reasons warrant" a reduction in the term of imprisonment; (3) that these reasons outweigh "the factors set forth in section 3553(a) to the extent that they are applicable"; and (4) that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A); *see United States v. Cato*, No. 16-CR-326 (ARR), 2020 WL 5709177, at *3 (E.D.N.Y. Sept. 24, 2020) (noting that a defendant bears the burden of proof). "Even if a defendant carries this burden, district courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *Cato*, 2020 WL 5709177, at *3 (quoting *United States v. Tagliaferri*, 13-CR-115 (RA), 2019 WL 6307494, at *3 (S.D.N.Y. Nov. 25, 2019)) (quotation marks omitted).

In determining what constitutes "extraordinary and compelling reasons," a district court has "discretion" to consider "the full slate" of arguments that defendants present to support a sentence reduction. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id.* at 237–38 (quoting 28 U.S.C. § 994(t) (emphasis added)).

The Sentencing Commission's policy statement explicating "extraordinary and compelling reasons" under section 3582(c)(1)(A)(i) does not bind a district court, *id.* at 238 n.5, but it does

3

provide guidance, *United States v. Dekattu*, No. 18-CR-474 (ARR), 2020 WL 7711842, at *1 (E.D.N.Y. Dec. 29, 2020). For example, extraordinary and compelling reasons may exist based on a defendant's medical condition, which could include if the defendant is suffering from a serious physical or medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 cmt. 1(A)(ii).

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .
> (5) any pertinent [Sentencing Commission] policy statement . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a). A sentence reduction is consistent with the Sentencing Commission's policy statements if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *United States v. Hatcher*, No. 18-CR-454-10 (KPF), 2021 WL 1535310, at *3 (S.D.N.Y. Apr. 19, 2021) (quoting U.S.S.G. § 1B1.13(2)). The § 3142(g) factors are largely duplicative of those in § 3553(a), but they also include "whether the offense is a crime of violence" and "the weight of the evidence against the [defendant]." 18 U.S.C. § 3142(g)(1)–(4).

4

## DISCUSSION

Whether Mr. Escobar has exhausted his administrative remedies is not relevant because my reasons for denying his first motion for compassionate release still apply today. While Mr. Escobar's type 2 diabetes puts him at increased risk of serious illness from COVID-19, this circumstance does not outweigh the Section 3553(a) factors that I am required to consider by law. His additional allegations of inadequate medical treatment, which include alleged failures to properly treat his diabetes, send him for a colonoscopy, and arrange medical appointments in the fields of dermatology, orthopedics, podiatry, optometry, ophthalmology, and plastic surgery, also do not outweigh the Section 3553(a) factors. *See* Third Mot. 1, 10–12. Mr. Escobar's diabetes is well-controlled with medication, Govt. Opp., Ex. 1, at 4, ECF No. 129-1, there is no history of colon cancer in his family, *id.*, Ex. 2, at 1, ECF No. 129-2, and an optometrist appointment is in the process of being scheduled, *id.*, Ex. 1, at 6. Further, Mr. Escobar reported having no complaints with his eyes, colon, or joints during recent appointments. *See id.*, Ex. 1, at 4 (expressing no colon pain and "no complaints" or pain regarding his "[h]istory of DJD [degenerative joint disease]"); *id.*, Ex. 1, at 15 ("seen by optho . . . no current complain[t] . . . [n]o further intervention warranted"). Finally, there is no evidence that Mr. Escobar has expressed a need to visit a dermatologist in recent medical appointments.

Given that Mr. Escobar still has more than four years' imprisonment left on his sentence for a serious offense, I find that reducing his sentence to time served would not reflect the seriousness of his offense, promote respect for the law, and provide just punishment for his offense.

## CONCLUSION

For the reasons set forth above, Mr. Escobar's motion for compassionate release is again denied.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:	September 5, 2023
	Brooklyn, New York